### In re MALLALIEU & CONREY, Inc.

No. 18599.

District Court, E. D. Pennsylvania.

May 13, 1935.

Bertram K. Wolfe and George V. Strong, both of Philadelphia, Pa., for debtor.

DICKINSON, District Judge.

This cause is sui juris. The debtor corporation was the subject °of a receivership in equity. This was followed by a 77B (11 USCA § 207) petition by the debtor. The petition was followed by the usual formal decree of approval; appointment of the equity receivers as temporary trustees; fixing April 29, 1935, for the entertainment of a motion to make the appointment permanent; and providing for notice. Intermediately, on April 13, 1935, an order of reference was made to a special master and May 13, 1935, fixed as the time for the submission of a plan of debt readjustment. Thus far there was nothing out of the course of usual procedure.

We do not have access to the petition on which the present motion is based, but learn from the paper book before us that such plan was informally submitted to creditors and a consensus of opinion elicited that any proceedings under the bankruptcy laws would be ill advised, and that the best method of administering and liquidating the assets of the debtor is through the receivership proceeding which was instituted. The debtor has accepted this view and hence the pending motion. We treat it as a motion for leave to withdraw the debtor's petition and the notice given to all parties in interest of the hearing fixed for April 29, 1935, to be notice of a hearing upon this motion. We see no objection to its allowance. The debtor would seem not to be the proper subject of a bankruptcy proceeding. If an involuntary proceeding had been instituted, an adjudication, on the facts before us, would be denied on the issue of solvency. A corporation debtor in need of a moratorium may be made the subject of a receivership in equity, a proceeding under section 77B or in bankruptcy. The practical difference as affecting the debtor and its creditors is that in equity any composition plan must have the voluntary acceptance of all the creditors; under section 77B or bankruptcy a composition may be imposed upon minority dissentients. Under section 77B, if no plan is submitted or a submitted plan fails

of approval, the petition may be dismissed or the debtor be put in bankruptcy. The debtor thereupon resumes control of his assets or he becomes a bankrupt. The latter in effect follows only upon a finding of insolvency. Why should the debtor not be permitted to anticipate the failure to submit a plan or its nonapproval? Here, of course, the debtor does not resume control of his assets because he did not have control when the 77B petition was filed. The equity receivers had control. That proceeding is still pending. The functions of the receivers were suspended by the 77B proceeding as they and all others were enjoined from interference with the assets of the debtor. The injunction, however, goes with the dismissal of the petition. There is then nothing in the way of a resumption of their duties by the equity receivers.

A decree in accordance herewith may be submitted.